Argued April 22, affirmed May 26, 1914.

## CUNNINGHAM *v.* CUNNINGHAM.

(141 Pac. 1019.)

**Divorce—Action—Sufficiency of Evidence.**

In a suit for divorce on the ground of cruel and inhuman treatment, evidence held to sustain a decree for plaintiff.

[As to cruelty as ground for divorce, see notes in 29 Am. Dec. 674; 73 Am. Dec. 619; 40 Am. Rep. 463; 51 Am. Rep. 736; 65 Am. St. Rep. 69.]

From Clatsop: James A. Eakin, Judge.

This is a suit by Rosetta Cunningham against Frank Cunningham for divorce, on the ground of cruel and inhuman treatment. There was decree for plaintiff and an allowance to her of one-third of the real property, from which both appeal. The facts in this suit are fully stated in the opinion of the court.

Affirmed.

For appellant and defendant there was a brief and an oral argument by *Mr. George C. Fulton.*

For respondent and plaintiff there was a brief over the names of *Mr. John H. Smith, Mr. Albert M. Smith* and *Mr. Arthur M. Dibble,* with an oral argument by *Mr. Dibble.*

Department 2.    MR. JUSTICE EAKIN delivered the opinion of the court.

This is a suit for divorce, alleging as a ground therefor cruel and inhuman treatment, and asking a division of the property. The answer contains a counterclaim for a divorce also on the ground of cruel and inhuman treatment of this defendant by plaintiff. The findings and decree are in favor of plaintiff, and grant her one third of the real property owned by the defendant. Both parties to the suit appeal.

Three principal transactions are presented by the brief of defendant as entitling him to a reversal of the decree. They are referred to in the brief as the barn and cow incident, the whip circumstance, and the indolent stepson and the indulgent mother. The complaint, as well as plaintiff's testimony, among other things, charges defendant with striking plaintiff in anger on several occasions, accompanied with oaths, and with throwing a whip at her. A quarrel over the whip is admitted by the defendant, in which he contends he only threw it out of the wagon, not throwing it at her. He admitted that it was not done in a mild or polite manner. The plaintiff and her daughter testify that he threw it at plaintiff, using an oath. The transaction shows anger on his part, although plaintiff's conduct at the time was not noticeable for magnanimity.

In the disagreement between them as to the use of butter by the boy, and the subsequent 'use of butter plates at the table, she says he struck her, which he denies.

As to the indolent stepson and the indulgent mother, evidently his stepfather was critical and exacting, though while the boy remained a member of the family it is to be presumed that he would be subject to the discipline of the home. He may have been humored by the mother, yet he seems to have cut the wood and milked the cow—no doubt a little tardy sometimes. He also earned money at times. At the trial he was criticized in relation to these two things. He was required at one time to saw wood from 8 o'clock in the morning until 4 or 5 o'clock in the evening, which he did. It probably was required of him as a punishment, and he may have merited the strictures cast upon him in the brief of the appellant; but they are hardly justified by the evidence. Though the defendant may have been even-tempered when away from home, he seems to have been very arbitrary and exacting in it, and sometimes very severe, not only with the children, but with his wife.

The circumstance of the throwing of the whip was not made much of by plaintiff, but was given only as one incident in defendant's conduct. Much stress was laid upon this matter on cross-examination and in the brief. The use of the plaintiff's barn by defendant was only another incident of the same character. Defendant denies that he at any time struck the plaintiff; but several such occasions are related by plaintiff and corroborated in some particulars by other witnesses. No doubt the conduct of the parties in many instances would not stand as a model of marital felicity; but the trial court has found in plaintiff's

favor upon the conflicting evidence, and we are not disposed to ignore them. In *Wheeler* v. *Wheeler,* 18 Or. 261 (24 Pac. 901), it is said by Justice LORD:

"A great judge more than half a century ago said: 'The moral sense of this community at this day revolts at the idea that a husband may inflict personal chastisement upon his wife, even for the most outrageous conduct.'"

Referring to the violence in that case it is said:

"Nor was this the only occasion he laid violent hands upon his wife, and wronged and insulted her with barbarous blows, at the bare mention of which his cheeks ought to tingle with the blush of shame. However outrageous her conduct, or however much it may have harassed and exasperated him, the moral sense of this age will not permit a husband to find redress for his grievances in the degrading and cowardly task of inflicting personal chastisement on his wife."

As to the refusal of additional alimony and the attorney's fees claimed by the plaintiff, no doubt the court intended that the allowance to the plaintiff of one third of defendant's real estate would cover all claims she had on defendant for alimony and for attorney's fees, as well as satisfy any claims she might have against defendant for lots 24 and 5 of block 10— at least we see no reason to disturb the decree.

No good purpose can be served by review of the evidence. We are satisfied, after reading the testimony and proceedings, that the findings and the decree are sustained by the evidence.

The decree is affirmed.

AFFIRMED.

Mr. CHIEF JUSTICE McBRIDE, Mr. JUSTICE BEAN and Mr. JUSTICE McNARY concur.